UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Colin Bieze, | ) |
|       Plaintiff, | ) Case No. _____ ) ) |
| v. | ) Honorable Judge_____ ) |
| Old Town Smoke Mart LLC d/b/a American Vapor Shop; Mohammed A. Viqhar, | ) Jury Trial Demanded ) ) ) |
|       Defendants. | |

### PLAINTIFF'S COMPLAINT

Plaintiff Colin Bieze brings this action against Defendants Old Town Smoke Mart LLC d/b/a American Vapor and Mohammed A. Viqhar, for their violations of the Fair Labor Standards Act, the Illinois Minimum Wage Law, the Chicago Minimum Wage and Paid Sick Leave Ordinance, and the Illinois Whistleblower Act.

### Background

1. Plaintiff was a Store Clerk employed by Defendants, he provided in-store assistance for customers purchasing Defendant's products and maintained the store front at American Vapor Shop's two locations. Plaintiff would routinely work more than 60 hours per week but was not compensated at a one-and-a-half times his hourly rate for those overtime hours. Counts I through III of this Complaint arise from Defendants' failure to pay Plaintiff one-and-a-half times his regular rate of pay for hours worked in excess of forty in a workweek. Plaintiff now seeks to recover unpaid overtime wages,

pursuant to the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the Chicago Minimum Wage and Paid Sick Leave Ordinance ("CMWO").

2. Count IV of this Complaint arises from Defendant's retaliation against Plaintiff for his refusal to assist in the unlawful display and sale of flavored liquid nicotine. Plaintiff now seeks to recover compensation for damages sustained because of Defendant's retaliation pursuant to the Illinois Whistleblower Act.

## Jurisdiction and Venue

3. Venue is proper in this district because, at all relevant times, Defendants employed Plaintiff in Cook County and this judicial district.

4. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## Parties

5. Plaintiff Colin Bieze (Bieze) is a former employee of Defendants' American Vapor Shop, a store specializing in the sale of electronic cigarettes. Plaintiff worked as a Store Clerk from approximately September 27th, 2021, to January 23, 2022, when he was terminated.

6. Plaintiff resides and is domiciled in this judicial district.

7. During the course of his employment, Plaintiff regularly processed credit card payments.

8. Defendant Old Town Smoke Mart LLC does business under the name American Vapor Shop in several locations including, West Chicago (location is now permanently closed), Rolling Meadows, IL, Wells St. in Chicago and Belmont Ave. in Chicago ("American Vapor Shop").

9. Plaintiff worked at the Rolling Meadows, West Chicago, and two Chicago locations concurrently from his hire date to approximately October 7th, 2021; and thereafter only at the Belmont and Wells Chicago locations concurrently until his termination in January of, 2022.

10. Defendant Mohammed A. Viqhar owns, manages, and operates, the defendant entities ("Viqhar" or "Defendant Viqhar").

11. During the relevant times, Defendants American Vapor Shop and Mohammed A. Viqhar were Plaintiff's employers for the purposes of the FLSA, IMWL, CMWO, and the Illinois Whistleblower Act.

### FLSA Enterprise Status

12. From September 2021 to the present, Defendants constituted an "enterprise" as that term is defined in the FLSA because they performed related activities (either through unified operation or common control) for a common business purpose.

13. Upon information and belief during the relevant times, the retail shops owned or operated by Viqhar collectively engaged in well over $500,000 in annual revenue.

## FLSA Individual Coverage

14. During the relevant times, Plaintiff engaged in interstate commerce by regularly processing Credit Card payments at Defendant's retail shops.

## Facts

15. From September 2021 to January 2022, Plaintiff regularly worked at Defendants' American Vapor Shop six days per week. During this period Plaintiff typically did not work on Monday.

16. Plaintiff maintained daily records of the start time, end time, and store location where he worked each day. Plaintiff regularly provided Defendant and his supervisor, Yvette, with the record of his hours worked.

17. Defendants paid Plaintiff an hourly rate of $14.00. Plaintiff was paid in cash at the beginning of his employment and later with check.

18. During almost every one of the workweeks that Plaintiff was employed by Defendants, he worked in excess of forty hours in a workweek, with an average number of hours worked per week approximating 60-70 hours/week.

19. Defendants paid Plaintiff's overtime compensable hours at his straight-time hourly rate of pay.

20. Defendants never paid Plaintiff one-and-a-half times his regular hourly rate of pay for hours worked in excess of forty in a workweek.

21. Plaintiff was routinely asked by Defendants and his direct supervisor to store boxes of flavored nicotine liquid in his vehicle. Plaintiff was told he was to conceal the flavored nicotine liquid because there was a ban on the display and sale of flavored nicotine products in Chicago pursuant to a city ordinance.

22. On or about January 23, 2022, immediately before his termination, Plaintiff refused to store boxes of flavored nicotine liquid in his vehicle. Plaintiff believes he was terminated because of his direct refusal to conceal the banned flavored nicotine liquid for Defendants.

## COUNT I
## Fair Labor Standard Act – Overtime Wages
## All Defendants

23. Plaintiff incorporates all prior allegations as if fully stated herein.

24. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as Defined in the FLSA, 29 U.S.C. § 203 (e)(1). Plaintiff was employed by Defendants at an hourly wage to sell their tobacco retail products.

25. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207. 213.

26. Throughout Plaintiff's employment. Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d). Defendant American Vapor Shop is a limited liability company in the business of tobacco retail and hired Plaintiff to work at several of its retail shop locations. Defendant

Viqhar is an individual who owns, manages, sets policies and procedures, and operates American Vapor Shop.

27. Plaintiffs regularly worked for Defendants in excess of forty hours in a workweek.

28. Defendants never paid Plaintiff one-and-a-half times his regular hourly rate for hours worked in excess of forty in a workweek.

29. Defendants' violations of the FLSA were willful and not in good faith. Defendants at all times failed to pay overtime compensation even though they were aware Plaintiff regularly worked substantially more than forty hours in a workweek.

30. Further, Defendants failed to provide to Plaintiff any receipt, pay-stub record of his weekly work hours or wage payments, and Defendants otherwise violated the Act's record keeping regulations.

31. The allegations made herein are common to all Defendants.

**WHEREFORE**, Plaintiff asks the Court to enter judgment against all Defendants and issue an order:

    a. Declaring that Defendants' conduct violated the FLSA;

    b. Awarding the underpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty hours per week;

    c. Entering judgment awarding Plaintiff all applicable liquidated damages;

    d. Awarding Plaintiff his reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other and further relief as this Court deems appropriate and just.

## COUNT II
## ILLINOIS MINIMUM WAGE LAW – Overtime Wages
## All Defendants

32. Plaintiff incorporates all prior allegations as if fully stated herein.

33. Throughout his employment, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

34. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 103/1 *et seq.*

35. Throughout Plaintiff's employment. Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3 (c).

36. Pursuant to 820 ILCS § 105(4)(a), for all weeks during which Plaintiff worked more than forty hours, he was entitled to be compensated at a rate of one and on-half times his regular hourly rate of pay.

37. Plaintiffs regularly worked for Defendants in excess of forty hours in a workweek.

38. Defendants never paid Plaintiff one-and-a-half times his regular hourly rate for hours worked in excess of forty in a workweek.

39. Defendants' failure and refusal to pay overtime wage for hours worked in excess of forty per week was a violation of the IMWL, 820 ILCS § 105/5(a).

40. The allegations made herein are common to all Defendants.

**WHEREFORE**, Plaintiff asks the Court to enter judgment against all Defendants and issue an order:

a. Declaring that the actions complained of herein violate 820 ILCS 105/4a;

b. Awarding the unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty hours per week;

c. Awarding statutory damages in the amount of three times the amount of unpaid overtime 820 ILCS 105/12(a);

d. Awarding statutory damages in the amount of five percent per month of the amount of underpayments;

e. Awarding statutory damages in the amount of two percent of the amount of any underpayments for each month following the date of payment during which such underpayments remain unpaid;

f. Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

g. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action;

h. Awarding such other and further relief as permitted under the IMWL; and

i. Awarding such other and further relief as this Court deems appropriate and just.

**COUNT III**
**CHICAGO MINIMUM WAGE ORDINANCE – Overtime Wages**

| All Defendants |
|---|

41. Plaintiff incorporates all prior allegations as if fully stated herein.

42. Plaintiff was an "employee" under the CMWO § 6-105-010 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO.

43. Defendants were each an "employer" as defined in the CMWO § 6-105-010.

44. Under § 6-105-040 of the CMWO, for all weeks during which Plaintiff worked more than forty hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

45. Plaintiffs regularly worked for Defendants in excess of forty hours in a workweek.

46. Defendants never paid Plaintiff one-and-a-half times his regular hourly rate for hours worked in excess of forty in a workweek.

47. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 6-105-040.

48. Allegations made herein are common to all Defendants.

**WHEREFORE**, Plaintiff asks the Court to enter judgment against all Defendants and issue an order:

    a. Declaring that the actions complained of herein violate CMWO § 6-105-040;

    b. Awarding the unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty hours per week;

    c. Awarding statutory damages in the amount of three times the amount of unpaid overtime;

    d. Awarding reasonable attorneys' fees and costs incurred in filing and prosecuting this action;

    e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action;

    f. Awarding such other and further relief as permitted under the CMWO; and

    g. Awarding such other and further relief as this Court deems appropriate and just.

<div style="text-align:center;border:1px solid black;">

**COUNT IV**
**ILLINOIS WHISTLEBLOWER ACT – Retaliation**
**All Defendants**

</div>

49. Plaintiff incorporates all prior allegations as if fully stated herein.

50. Throughout his employment with Defendants, Plaintiff was an "employee" under the Illinois Whistleblower Act, 740 ILCS 174/5 § 5.

51. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the Illinois Whistleblower Act, 740 ILCS 174/5 § 5.

52. On January 23, 2022, Plaintiff was asked by his supervisor to assist in the display and sale of flavored nicotine liquid through the concealment of the

liquid in Plaintiff's personal vehicle. Plaintiff refused because he was aware it was unlawful to display the products and sell the product, pursuant to § 4-64-510(3) and § 4-64-355(c) of the Municipal Code of Chicago.

53. Plaintiff's employment was terminated on the same day as his refusal to comply with Defendant's request to assist in the unlawful display and sale of flavored nicotine liquid.

54. Defendants' termination of Plaintiff's employment because of his refusal to assist in the unlawful display and sale of flavored nicotine liquid for Defendants is a violation of the Act's antiretaliatory provision under the Illinois Whistleblower Act, 740 ILCS 174/20 § 20.

55. Allegations made herein are common to all Defendants.

**WHEREFORE**, Plaintiff asks the Court to enter judgment against all Defendants and issue an order:

    a. Declaring that the actions complained of herein violate the Illinois Whistleblower Act, 740 ILCS 174/20 § 20;

    b. Awarding Plaintiff back-pay and lost wages and benefits;

    c. Awarding Plaintiff compensatory damages in an amount be determined at trial;

    d. Awarding Plaintiff punitive damages in an amount be determined at trial;

    e. Awarding reasonable attorneys' fees and costs incurred in filing and prosecuting this action;

    f.   Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action;

    g.   Awarding Plaintiff all damages permitted under the Illinois Whistle Blower Act; and

    h.   Awarding such other and further relief as this Court deems appropriate and just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues as to which a jury trial is available by law.

Respectfully Submitted,

By: /s/ Kevin O'Connor          .
One of Plaintiff's Attorneys


Kevin F. O'Connor (ARDC #6300449)
Heewon O'Connor (ARDC # 6306663)
O'Connor | O'Connor,
P.C. 110 E. Schiller St.,
Ste 212
Elmhurst, IL 60126
Office. 630-903-6397
Fax. 630-658-0336